Thank you, Your Honor. May it please the Court. My name is Stephen Wetchley, and I'm representing Christopher Miller this morning, and welcome, Your Honor. Christopher Miller is serving a sentence of life in prison without the possibility of parole for a charge of aggravated first-degree murder. He's been denied relief in state court, both on direct appeal and in post-conviction proceedings. This habeas petition now before the Court is his last chance for any legal relief in his case. What he is fighting for in this appeal is very simple and very humble, which is a chance to have his habeas petition heard on the merits in the district court. Now, there may be explanations for why we are here today. There aren't really any good justifications, frankly. Mr. Miller filed his habeas petition almost two years ago in the district court, and what we're here to decide today is whether or not his claims can be heard on the merit. All of this, frankly, could have been avoided had his claims been more clearly framed in the state courts. That's the real issue, isn't it? It appeared that when this came to the magistrate and then up to the district court, they did not find that he had fairly presented his federal claim, and your argument is essentially one of law. That is correct. That the citation of certain federal cases within the context of his petition fairly raised the issue. Yes. I mean, among other things. I think it's important for us to remember here today that the issue really isn't how he exhausted his claims or whether he could have done a better job of doing that. I mean, that's obvious. The issue is whether he exhausted his claims under existing case law from both the Supreme Court and this Court. Can we go? Go ahead. Let's talk first about his DNA claim. I couldn't find that that had been raised in the state court. Well, I think both sides agree that all three of the claims that are before this Court were actually raised to the Washington Supreme Court. The DNA claim, well, there's actually two DNA claims. So if I could ask, Your Honor, which one you're referring to. Let's have you handle both of them. How about the false confession? There's claim one that said the false confession claim was supported by DNA evidence. Where was that exhausted in state court? Well, that was exhausted in Mr. Miller's personal restraint petition initially, and then obviously he had to go to the higher court, and it was exhausted in his motion for disclosure. Tell us how. In the personal restraint petition, what part of that petition addressed this specific point as a federal matter? Well, to be perfectly frank, he has a more difficult time on this than he does on the Fifth Amendment claim, which was what I was going to open with. But, I mean, he exhausts this particular claim of the two due process claims by referring to it as a due process claim. Did he cite any federal case? He did not cite any federal cases in the motion for discretionary review. What he did was attach as an appendix to the motion for discretionary review the actual memorandum in support of the personal restraint petition in which he did cite several federal U.S. Supreme Court cases, Brady, Bagley, Trombetta. Brady. Bagley and Trombetta. Okay, so the personal restraint petition didn't specifically address this claim, though? I think that's arguable, frankly, Your Honor. You know, the second and related due process claim, the one arguing for access to potentially exculpatory evidence, I think the cases that were cited were more specifically cited in relation to that second claim. And, you know, as you can see from the way that I presented the issues to the court, I've bound these two claims together because they both are due process claims based upon the DNA testing that occurred post-trial. But, to be frank, the first of those two claims, the one you're asking about, is weaker in terms of the actual case citations relating specifically to that claim. I'll tell you, it's refreshing to hear somebody admit at least you're kind of hanging by your fingernails on that claim. But your other one may have some merit. And if I can actually turn back, and unless the court doesn't want me to address the Fifth Amendment claim, I was actually going to open with that one because I think that one's very clear that it was exhausted. You know, if I can sort of return to the very beginning here, you know, All that's required here is for Mr. Miller to give the state court a fair opportunity to rule on the federal nature of his claim. And in this case, on the Fifth Amendment claim, he did that actually in four different ways. Baldwin v. Reese actually says that you can exhaust a claim simply by labeling it federal. That may be a little bit of a stretch, but he certainly did label his Fifth Amendment claim federal in his petition for review. But more significantly and more importantly, he cited two federal cases, United States v. Anderson and United States v. Duval. Both of those are Second Circuit cases which are based on Fifth Amendment reasoning and specifically cite to the Fifth Amendment and to United States Supreme Court precedent on the Fifth Amendment. And then thirdly, he cited to one state case, State v. Setzer, which was decided specifically on Fifth Amendment grounds and cited, you know, a handful of United States Supreme Court cases which were also Fifth Amendment cases, including Miranda. And in fact, the state or the respondent in their briefing conceded that the cases that he cited regarding the Fifth Amendment issue, quote, discuss the Fifth Amendment at length, unquote. So I think the state's quarrel as to the Fifth Amendment exhaustion issue is, you know, he could have done a better job. He could have actually used the words Fifth Amendment. He certainly probably should have, or I should say his attorneys who represented him in state court should have. But there's actually even a fourth way that he exhausted that claim. And this is what I like to call the magic words doctrine that arises in Sanders v. Ryder. He repeatedly referred to his Fifth Amendment claim as a claim regarding the voluntariness of a custodial statement or the voluntariness of a confession. What I argue is that this is comparable to the reasoning in Sanders v. Ryder where, using the words ineffective assistance of counsel, where the state constitutional provision and the federal constitutional provision are identical in their protections is enough to satisfy exhaustion because it's a term of art that can only refer to one thing. Of course, the court doesn't even need to reach that particular ground for exhaustion. And any one of the four that I cited, saying this is a federal claim, citing to federal cases that are based on the Fifth Amendment, citing to a state case based on the Fifth Amendment, or using the magic words of involuntary confession, any one of those four is sufficient to satisfy the exhaustion requirements, and the court only needs to find one of those. I think at this point I see I'm coming up on two minutes left, and I'm going to save the rest of my time for... That's fine. Thank you. Counsel. May it please the court, my name is Donna Mullen. I'm an assistant attorney general representing respondent in this habeas corpus appeal. This court should affirm the decision of the district court dismissing the petition of prejudice. Under United States Supreme Court precedent, the first two claims are clearly unexhausted. However, it's not so clear with regards to the third claim. If this court determines that the third claim was properly exhausted, then they could also dismiss the petition on an alternate basis. There is no United States Supreme Court case that directly deals with the issue of an attorney giving misleading information. Generically, we certainly always think that it's a federal claim if there has been incompetence of counsel. Yes, but in this case, it didn't deal with incompetence of counsel. It dealt with a prosecuting attorney giving misleading advice. And there is no United States Supreme Court case law on that particular issue. Because there is no United States Supreme Court case law, then this court could determine that the state court decision was not contrary to or an unreasonable application of clearly established federal law. On another basis, the trial court held an evidentiary hearing on the issue of whether or not the attorney gave misleading advice and did not find that there was any kind of deal or misleading advice given. And the court of appeals determined that they would not make that a determination, a factual determination. And, again, that ---- So you're saying that that would not be an unreasonable application of federal law? Yes, Your Honor, I am. Okay. Counsel, could we go back to the second claim, the due process claim regarding access to DNA evidence? Yes. Why do you think that's unexhausted? Well, in his petition for review, there was absolutely no mention of any specific federal constitutional claim. And there was no federal case law mentioned. In fact, the only case that was cited was a New Jersey case called State v. Thompson that was not decided on a federal constitutional basis, but rather the judicial system is a fair system. Your response to opposing counsel's observation that attached to that was the personal restraint petition that included citation to federal cases. Well, Your Honor, that ---- my response is, number one, it makes an assumption that what is presented at the court of appeals level is the same issue that is going to be presented at the Supreme Court level. And also Baldwin v. Reese specifically held that the courts don't need to read beyond the four corners of the brief. So in that case, it was not attached. Isn't that right, that the document was not attached to his restraint petition? Here it's been attached to be made a part of the material. I believe that with the motion for discussion and review, they attached the court of appeals decision. I'm unclear whether or not the PRP was actually attached. Well, if we assume that it was attached, why wouldn't that meet the exhaustion requirement? Well, because the United States Supreme Court has held in Baldwin v. Reese that the judge does not need to read beyond the petition or brief itself. And it's making an assumption. In fact, I would argue ---- Excuse me, counsel. If someone attaches something to their brief and makes it part of their brief, why is that reading beyond the brief? I mean, I'm having a hard time. When you submit something to a court and you attach something and refer to it, don't you expect the judge to read it? I mean, I would hope so. Yes, I would hope so, too. But in this particular case, I think this is a case that's very similar to Peterson v. Lambert. In the ---- I think it was actually the specific intent of these attorneys not to present the case on a federal level to the Washington Supreme Court. They presented it, the second claim on a federal level, certainly to the court of appeals. They specifically, however, made no reference to any federal ---- not even used the word federal in the motion for discretionary review. Do you believe that was a strategic decision? Yes, I do. Because in their motion for reconsideration, they argued that, and I quote, the court of appeals failed to address grounds presented that should afford relief under Washington state law, where relief might not be granted under the federal grounds. And I think the fact that these same attorneys wrote the court of appeals brief, made reference to the Fifth Amendment, made reference to Brady, made reference to other United States Supreme Court cases, and then when they went to the Supreme Court, made absolutely no reference and only referred to a state case which dealt with a similar claim that was ---- the decision was not based on constitutional grounds, but rather on terms of the fairness of the judicial system. What then would have been the purpose of attaching the personal restraint petition? I don't know, Your Honor. I can't really answer that. Normally, the personal restraint petition is not attached to the motion for discretionary review. However, the court of appeals decision is attached, and it is a requirement that that is attached. I know that the petitioner is arguing that because the court of appeals decision is attached, that that's sufficient. But again, Bob would make ---- He's arguing that because the personal restraint petition was attached, that's sufficient. Okay. That argument was not made in his briefs. Basically, he said that the court of appeals decision was attached, not that the personal restraint petition was attached. As I was arguing before, with the first claim, which is a claim that newly discovered evidence of DNA support requires a new trial, that claim was never presented as a federal constitutional claim in the court of appeals, and it was never presented as a federal constitutional claim in the Supreme Court. In his brief, the petitioner attempts to merge those two claims into one claim, but they were always considered as separate claims. And in fact, although there is connection between the two because of DNA evidence, the first one asks for a new trial. The second one asks for discovery in terms of state and federal databases. So they're completely two different claims, and certainly the first claim was never exhausted on any federal constitutional basis. If there's no further questions, I would ask this court to confirm the decision of the district court dismissing the habeas corpus petition with prejudice.  Thank you, counsel. Counsel, what's your response to opposing counsel's contention that you did not argue in your opening brief that the personal restraint petition was attached to the Supreme Court petition? Counsel is mistaken. I argued it not. In your opening brief, do you argue that point? I would have to actually get ‑‑ it's actually argued both in the opening brief and in the reply. What I did argue was both grounds. I said not only was the personal restraint petition and memorandum in support thereof attached, but also I referred to the court of appeals' opinion. So I understand counsel's confusion. But I said that both of those things were attached and that the court could refer to both of those documents. And it's clearly in both of my briefs. It's on page 15. Thank you. That was the crux of your argument. That was pretty much all I had on the DNA claims. I do want to back up a second to the beginning of counsel's argument, where counsel is essentially asking the court to rule on the merits of the habeas petition by saying that there was not an unreasonable application of federal law in the state courts. I don't think this court can reach that issue. The district court hasn't decided it. This court doesn't really have jurisdiction over that. It hasn't been heard, decided, and it certainly isn't the grounds on which COA was granted in this case. I haven't briefed it, certainly. So I don't think that's an issue that the court can reach. I think the sole issue before this court, unfortunately at this point, is the issue of exhaustion. I do want to speak very, very briefly about the second DNA claim. He did refer in his motion for discretionary review, he did say that that claim was based on fundamental fairness guaranteed by the due process clause, and then again the appendices that were attached that were referred to both in my opening argument and also in the briefing as well. How do you respond to the point that she says that although raised to the court of appeals, it was not raised to the Supreme Court in Washington? Well, I think it was raised to the Supreme Court in that it was a document that was submitted to the court along with the motion for discretionary review. It should have been. It should have been in the motion itself, and then we wouldn't be standing here. Thank you. All right, counsel, thank you. Thank you to both counsel. The case just argued is submitted for decision by the court. The next case on calendar for argument is Ramos v. Tacoma Community College.
judges: Fletcher, Rawlinson, Ezra